JONES *v.* STATE.

Decided April 4, 1891.

*Criminal law—Venue—County boundaries.*

> An instruction that, if an offense is committed upon the boundary of two counties, or if it is uncertain where the boundary is, a conviction may be had in either county is erroneous where there is no proof that the offense was committed upon the boundary of two counties, or that there was uncertainty about the location of the boundary, and where the only uncertainty was as to the place where the offense was committed.

APPEAL from *Desha* Circuit Court.

JOHN M. ELLIOTT, Judge.

Appeal from a conviction of the crime of marking another's hogs with intent to steal them. Defendant admitted that he marked the hogs ".back of the Bowles place." A witness testified that, as respects the land back of the Bowles place, " part is in Desha county and part in Drew." The testimony fails to show in which county the crime was committed.

Section 1972 Mansfield's Digest provides :

" Where the offense is committed on the boundary of two counties, or if it is uncertain where the boundary is, the indictment may be found and a trial had in either county."

*C. H. Harding* and *Thos. B. Martin* for appellant.

There was no proof that the marking was done in Desha county, but the venue, if proved, was shown to be in Drew county. 32 Ark., 180 ; 23 *id.*, 158 ; 30 *id.*, 43.

*W. E. Atkinson,* Attorney General, for the State.

Section 1972 is not unconstitutional. 46 Mo., 350.

The jury found the venue to be in Desha county. Cooley, Const. Lim., 392, top.

COCKRILL, C. J. The court charged the jury that where an offense is committed upon the boundary of two counties, or if it is uncertain where the boundary is, a conviction could be had in either county.

Venue.

There was no proof that the offense was committed upon the boundary line of two counties, nor does the proof disclose that there was any uncertainty about the location of the boundary line. The uncertainty was as to the place where the offense was committed, and as to that alone. The charge was therefore misleading. The case is controlled by the decision in *State* v. *Rhoda*, 23 Ark., 156.

Reverse the judgment and remand the cause for a new trial.